UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVANIA WISDOM, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>RED CRAB LONG ISLAND INC., d/b/a RED CRAB JUICY SEAFOOD & BAR, and JOYCE LI, individually, and ANDY LIN, individually, and DAVID DARITY, individually, and DEIRDRE HESTER, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:** 22-cv-01271<br><br>Jury Trial Demanded |

DAVANIA WISDOM ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "Rule 23 Plaintiffs," as that term is defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against RED CRAB LONG ISLAND INC., d/b/a RED CRAB JUICY SEAFOOD & BAR ("Red Crab"), and JOYCE LI, individually, and ANDY LIN, individually, and DAVID DARITY, individually, and DEIRDRE HESTER, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action seeking monetary damages and other redress against Defendants for, collectively: (i) sex discrimination in the form of appalling hostile work environment sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the New York State Human Rights Law, Executive Law Section 290

*et seq.* ("NYSHRL"); (ii) retaliation in violation of Title VII and the NYSHRL; and (iii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York corporation that operates a Nassau-county based restaurant, its two owners, its general manager, and its bar manager - - as a bartender from August 11, 2019, to March 9, 2020. As described below, beginning in or around September 2019, and continuing until the end of her employment, Defendant Red Crab's General Manager, Defendant Darity, subjected Plaintiff to egregious hostile work environment sexual harassment, which included, *inter alia*, Darity making vulgar and overtly sexual comments about Plaintiff's physical appearance, touching Plaintiff intimately on her lower back and buttocks without consent, and propositioning her to go on dates with him, all while at work. Making matters worse, when Plaintiff complained to Defendants Li (also known as "Wang") and Lin about Darity sexually harassing her, all Defendants retaliated by, collectively, repeatedly suspending Plaintiff without pay, cutting her work schedule in half, and ultimately terminating her employment on two occasions.

3. Because Defendants Red Crab and Darity also sexually harassed virtually, if not all, other female employees who worked at the restaurant and reported to Darity either directly or indirectly, and because all Defendants retaliated against those who complained about it, Plaintiff brings her claims as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other female workers who worked for Defendants at their restaurant during the three-year and 228-day period pre-dating the filing of this Complaint.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000e., *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On December 24, 2020, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2021-01121, against Defendant Red Crab, on behalf of herself, as well as on behalf of a putative class of all those similarly-situated to her, based on, *inter alia*, sex discrimination and retaliation in violation of Title VII due to the events alleged herein.

7. On December 8, 2021, the EEOC issued to Plaintiff a "Notice of Right to Sue." Plaintiff commences this action within ninety days of receipt of that notice from the EEOC.

## PARTIES

8. At all relevant times herein, Plaintiff, female, was an "employee" entitled to protection as defined by Title VII and the NYSHRL, as she worked for Defendants in New York.

9. At all relevant times herein, Defendant Red Crab was and is a New York corporation with its principal place of business located at 294 Sunrise Highway, Rockville Centre, New York 11570, which is authorized to receive service of process at that same address, and which is an "employer" within the meaning of Title VII and the NYSHRL, as it employed and employs at least fifteen and thus one or more employees.

10. At all relevant times herein, Defendants Wang and Lin were and are the co-owners of Red Crab.

11. Defendant Darity was Red Crab's general manager from in or around July 2019 until in or around early-March 2020, after which he assumed the title of "promoter," while still maintaining the same or similar supervisory authority as when he was general manager.

12. Defendant Hester was and has been Red Crab's bar manager from in or around early-January 2020 to the present.

## RULE 23 CLASS ALLEGATIONS

13. Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those female employees who are similarly-situated to her, whom Defendants have subjected to similar violations of Title VII and the NYSHRL.

14. Under FRCP 23(b)(3), Plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

15. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former female employees, who during the applicable statutory period, worked at Defendants' Red Crab restaurant located in Rockville Centre, New York, and who reported, either directly or indirectly, to Defendant Darity ("Rule 23 Plaintiffs").

Numerosity

16. At all times during the applicable statutory period Defendants have, in total, employed at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

17. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) whether the Defendants subjected the Rule 23 Plaintiffs to hostile work environment sexual harassment, through Defendant Darity making vulgar and sexual comments to them, physically touching them without consent, and propositioning them to go on dates with him; (2) whether the Defendants, upon receiving the Rule 23 Plaintiffs' complaints and/or reports about sexual harassment and/or otherwise learning about it, failed to stop Darity's conduct; (3) whether the Defendants retaliated against the Rule 23 Plaintiffs for complaining about sexual harassment by taking various adverse employment actions against them; (4) whether the Defendants maintain any affirmative defenses to the Rule 23 Plaintiffs' claims; (5) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were and are in violation of Title VII and the NYSHRL; and (6) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

18. As described in the "Background Facts" section below, Defendants employ and/or employed Plaintiff and the Rule 23 Plaintiffs at their restaurant in New York. and all, either directly or indirectly, reported to Defendant Darity.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants in New York and reported, either directly or indirectly, to Darity; were and/or are subjected to hostile work environment sexual harassment, which included and includes Darity's vulgar sexual comments about their physical appearance, touching them intimately on various

5

parts of their bodies without consent, and propositioning them to go on dates with him; were and/or are punished for not acquiescing to Darity's sexual advances; and were and/or retaliated against for complaining about Darity's sexual harassment. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with Title VII and the NYSHRL. Plaintiff and the Rule 23 Plaintiffs all have suffered mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, due to the Defendants' common policies, practices, and patterns of conduct, as well as economic loss. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

<u>Adequacy</u>

19. Plaintiff, as described below, worked at Red Crab, as did the Rule 23 Plaintiffs. Defendants subjected Plaintiff to hostile work environment sexual harassment, which included, *inter alia*, Darity making vulgar and overtly sexual comments about her physical appearance, touching her intimately on her body without consent, and propositioning her to go on dates, all while at work. Additionally, following Plaintiff's numerous complaints of sexual harassment, Defendants retaliated by repeatedly suspending Plaintiff without pay, cutting her work schedule in half, and ultimately terminating her employment. All that Plaintiff experienced is substantially similar to how Defendants have treated and treat the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to her. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

20. Additionally, Plaintiff's counsel has substantial experience in this field of law.

6

Superiority

21. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants have treated Plaintiff nearly identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

22. Any lawsuit brought by a current or former employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similarly-situated employee for the same violations. Thus, separate litigation would risk inconsistent results.

23. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

24. Defendant Red Crab is a New York corporation that operates a seafood restaurant located at 294 Sunrise Highway, Rockville Centre, New York.

25. Defendants Wang and Lin were and are the owners of Red Crab.

26. Defendant Darity was Red Crab's general manager from in or around mid-July 2019 until in or around early-March 2020, after which he became Red Crab's "promoter," a position that he still holds. As general manager, Darity was responsible for making all significant personnel-related decisions for all of Red Crab's employees, in that he made recommendations as to the hiring and firing of all employees, and supervised and controlled employee work schedules and job duties, including all of those matters with respect to Plaintiff and Rule 23 Plaintiffs. As a promoter, Darity still managed and supervised all employees.

27. Defendant Hester, from in or around early-January 2020 to the present, has been Red Crab's bar manager, and in that role, was and is responsible for supervising all employees of

Red Crab who worked behind the bar. To that end, Hester made recommendations as to the hiring and firing of all bar employees, as well as supervised and controlled those employees' work schedules and job duties, including all of those matters with respect to Plaintiff and Rule 23 Plaintiffs who worked and work at the bar. Sabine Laventure held this role from the beginning of Plaintiff's employment until in or around the time that Hester filled the role, at which time Laventure was fired for complaining that Darity was sexually harassing female employees.

28. On or around August 11, 2019, Defendant Wang hired Plaintiff to work as a bartender based on Darity's recommendation. In this role, Plaintiff's primary duties consisted of working at the bar, taking customers' orders, serving drinks to customers, and maintaining the bar's stock and cleanliness.

29. Throughout Plaintiff's employment, she reported directly to her bar manager - - Laventure initially and after Laventure's termination, Hester - - and then indirectly reported to the general manager, Darity, and one of the owners, Wang.

30. Beginning in or around early-September 2019 and continuing until the end of Plaintiff's employment on March 9, 2020, Defendant Darity sexually harassed Plaintiff on a near-daily basis. Specifically, starting in early-September 2019, Darity began to comment about Plaintiff's physical appearance, telling her: "you need to change your appearance, it don't [sic] work for the store." Darity also consistently told Plaintiff that she needed to dress more provocatively.

31. From then on, Darity began verbally and physically harassing Plaintiff about her appearance in an overtly sexual manner on a near-daily basis, which increased in severity over time. That is, virtually each time that Plaintiff reported to work, Darity would stare Plaintiff up and down. Sometime in late-October 2019, Darity, in the presence of Laventure, told Plaintiff:

8

"oh, that outfit looks so good on you, I think I'm going to nut on my leg." Plaintiff immediately complained about the behavior to Laventure and reported it to Defendant Lin. Not only did Defendants fail to take any action against Darity, but Lin retaliated by suspending Plaintiff for the remainder of her shift.

32. Darity worsened his harassment of Plaintiff from there to include unwanted physical touching. For example, Darity would frequently caress Plaintiff's lower back when he stood beside her at the bar. Over the course of the next few months, Plaintiff reported Darity's sexual harassment to Wang, Laventure, and Andy on multiple occasions, but Defendants either ignored her complaints or refused to discipline Darity.

33. In early-December 2019, Plaintiff complained again to Laventure about Darity's lewd comments and requested that Laventure keep Darity from harassing her during work. A few days later, on or around December 8, 2019, Darity retaliated by suspending Plaintiff without pay for two weeks, for the claimed reason that she "spoke back to him" during a group conversation with other bartenders regarding their work attire.

34. Upon returning to work from her suspension, in early-January 2020, Plaintiff immediately told Darity that she was not comfortable speaking with him during her shifts. In response, Darity again retaliated by cutting her work schedule from six to three days per week.

35. Darity's relentless sexual advances and comments worsened as time progressed. Specifically, Darity continued rubbing Plaintiff's lower back whenever he was alone with her behind the bar. He also frequently directed Plaintiff to go to the restaurant's basement to restock various liquor bottles, followed her down there, cornered her, and then asked if she would "go out on a date" with him, as "it would be the best date [she] ever had," which Plaintiff always declined.

9

36. In early-February 2020, Plaintiff complained to Hester, who had taken over for Laventure, about Darity's continuous sexually-charged comments and unwarranted touching. Just two days later, Darity told Plaintiff that "I don't like the way you're moving today," while aggressively looking her up and down. Plaintiff, attempting to limit her interaction with Darity, told him to stop speaking to her. In response, Darity suspended Plaintiff again, this time for three days, for the stated reason of speaking back to him, explaining that if she did not want him to speak to her then she could "go home."

37. Upon her return to work just a few days later, in or around mid-February 2020, Darity terminated Plaintiff's employment, blaming her for a server's mistake of entering an order for alcoholic drinks that was served to a table with underage guests during one of Plaintiff's shifts. Thus, Darity blamed Plaintiff without justification when it was the server who had erred.

38. Plaintiff immediately complained to Hester about her termination, claiming that she believed that Darity had terminated her employment in retaliation for confronting him about his ongoing sexual harassment. In early-March 2020, Hester called Plaintiff and rescinded Plaintiff's termination and permitted her to return to work. But before agreeing to return, Plaintiff asked Hester whether she would put a stop to Darity's sexual harassment, to which Hester responded that Wang had reassigned Darity to a "promoter" position, supposedly limiting Darity's work hours from overlapping with Plaintiff's shifts.

39. However, when Plaintiff returned to work, Darity continued to sexually harass her, notwithstanding any apparent change in his title, while also still wielding supervisory authority over all of Red Crab's employees. Indeed, during Plaintiff's first week back, on or around March 8, 2020, Darity approached her and whispered into her ear: "you look really nice, you should let me touch you." Were that not enough, during nearly every shift that she worked until March 19,

2020, Darity continued to encroach on Plaintiff's personal space when working behind the bar by brushing up against her buttocks and commenting on her body when she walked away from him by whispering to her: "I just want to look at that ass." Accordingly, every time that Plaintiff was near Darity during her shifts, she felt extreme stress and anxiety, and she worked in constant fear and discomfort that he was about to touch her or otherwise make sexual advances towards her.

40. On March 19, 2020, Red Crab temporarily closed due to the COVID-19 pandemic.

41. On July 13, 2020, Plaintiff, through counsel, sent a letter to Defendant Wang complaining about the above-described sexual harassment and retaliation.

42. Approximately one week later, during or around the week of July 20, 2020, when the Restaurant had been reopened for a few weeks, prior to Hester learning of the above-described letter, Hester offered Plaintiff to return to work on a part-time schedule. However, approximately twenty minutes later, Hester rescinded her offer after speaking with Wang, explicitly stating that Plaintiff "can't come back - - Joyce [Wang] doesn't think it's a good idea for you to work here because you're suing the restaurant." Later that same day, Hester called Plaintiff, with Wang also on the line, and Wang told Plaintiff that she would like to have a "sit-down" with Plaintiff "sometime later in the week to talk about what's going on." Hester then told Plaintiff that she wants to have a meeting with Plaintiff and to cut Plaintiff a check in order to resolve the situation.

43. Ultimately, Plaintiff never had a meeting with Defendants, and Plaintiff never returned to work, as Defendants did not provide her with any assurances that Darity would stop sexually harassing her. To the contrary, Darity continued to work at Red Crab, sexually harassing female employees at his whim. Indeed, up until in or around November 2020, Plaintiff remained in contact with several of Defendants' female employees who regularly shared their experiences of Darity continuing to sexually harass and abuse them.

44. Moreover, during her employment, Plaintiff observed Darity make sexually-charged comments to nearly all of the other women who worked at the restaurant. Plaintiff also personally observed Darity physically touch other female employees on at least five occasions. Through her observations and/or discussions with these females, Plaintiff learned and/or could observe that these interactions were clearly unwanted. Even more, Plaintiff observed Defendants retaliate against numerous female employees for rejecting and/or reporting Darity's unwanted sexual advances by cutting their hours, rearranging their schedules, scolding them, and firing them.

45. Thus, Defendants treated Plaintiff and Rule 23 Plaintiffs in the same manner described herein.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT RED CRAB
*Sex Discrimination/Hostile Work Environment Sexual Harassment in Violation of Title VII*

46. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. Title VII prohibits employers from discriminating against employees, on the basis of their sex, in terms, conditions, or privileges of employment, which includes sexual harassment in the workplace.

48. As described above, Defendant Red Crab was and is an employer within the meaning of Title VII, while Plaintiff and Rule 23 Plaintiffs were and are employees within the meaning of Title VII.

49. As also described above, Defendant Reb Crab discriminated against Plaintiff and Rule 23 Plaintiffs, on the basis of their sex, in violation of Title VII, by subjecting Plaintiff and Rule 23 Plaintiffs to a hostile work environment of egregious sexual harassment and by denying them the opportunity to work in an employment setting free of unlawful discrimination.

50. As a direct and proximate result of Defendant Red Crab's unlawful discriminatory conduct in violation of Title VII, Plaintiff and Rule 23 Plaintiffs have suffered, and continue to suffer, mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

51. Defendant Red Crab's unlawful discriminatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff and Rule 23 Plaintiffs are entitled to an award of punitive damages.

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
*Sex Discrimination/Hostile Work Environment Sexual Harassment in Violation of the NYSHRL*

52. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. The NYSHRL prohibits employers from discriminating against employees, on the basis of their sex, in terms, conditions, or privileges of employment, which includes sexual harassment in the workplace.

54. As described above, Defendant Reb Crab was and is an employer, Defendants Li and Lin were and are the owners of Defendant Red Crab, and Defendants Darity and Hester were managers of Defendant Red Crab who participated in the discriminatory and retaliatory acts, subjecting them all to individual liability under the NYSHRL, while Plaintiff and Rule 23 Plaintiffs were and are employees within the meaning of the NYSHRL.

55. As also described above, Defendants discriminated against Plaintiff and Rule 23 Plaintiffs, on the basis of their sex, in violation of the NYSHRL, by subjecting Plaintiff and Rule 23 Plaintiffs to a hostile work environment of egregious sexual harassment and by denying them the opportunity to work in an employment setting free of unlawful discrimination.

56. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff and Rule 23 Plaintiff have suffered, and continue to suffer, mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

57. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff and Rule 23 Plaintiffs are entitled to an award of punitive damages.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT RED CRAB
*Retaliation in Violation of Title VII*

58. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. Title VII prohibits employers from retaliating against employees who engage in activity protected under Title VII.

60. As described above, Defendant Red Crab was and is an employer within the meaning of Title VII, while Plaintiff and Rule 23 Plaintiffs were and are employees who engaged in activity protected under Title VII.

61. As also described above, after Plaintiff and Rule 23 Plaintiffs engaged in activity protected under Title VII, Defendant Red Crab retaliated against them as also described above.

62. As a direct and proximate result of Defendant Red Crab's unlawful retaliatory conduct in violation of Title VII, Plaintiff and Rule 23 Plaintiffs have suffered, and continue to suffer, economic loss, for which they are entitled to an award of monetary damages and other relief.

63. As a direct and proximate result of Defendant Red Crab's unlawful retaliatory conduct in violation of Title VII, Plaintiff and Rule 23 Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

64. Defendant Red Crab's unlawful retaliatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff and Rule 23 Plaintiffs are entitled to an award of punitive damages.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
*Retaliation in Violation of the NYSHRL*

65. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. The NYSHRL prohibits employers from retaliating against employees who engage in activity protected under the NYSHRL.

67. As described above, Defendant Reb Crab was and is an employer, Defendants Li and Lin were and are the owners of Defendant Red Crab, and Defendants Darity and Hester were managers of Defendant Red Crab who participated in the discriminatory and retaliatory acts, subjecting them all to individual liability under the NYSHRL, while Plaintiff and Rule 23 Plaintiffs were and are employees who engaged in activity protected under the NYSHRL.

68. As also described above, after Plaintiff and Rule 23 Plaintiffs engaged in activity protected under the NYSHRL, Defendants retaliated them as also described above.

69. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff and Rule 23 Plaintiffs have suffered, and continue to suffer, economic loss, for which they are entitled to an award of monetary damages and other relief.

70. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff and Rule 23 Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

71. Defendants' unlawful retaliatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff and Rule 23 Plaintiffs are entitled to an award of punitive damages.

## **DEMAND FOR A JURY TRIAL**

72. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or Rule 23 Plaintiffs for participating in any form in this litigation;

  d. Certification of the claims brought in this case as a class action pursuant to FRCP 23;

  e. Designation of Plaintiff and her counsel as class action representatives;

  f. Granting Plaintiff and Rule 23 Plaintiffs all economic damages that they have sustained as a result of Defendants' conduct, including general and special damages for past and future lost compensation and benefits that they would have received but for Defendants' conduct, including but not limited to back pay and front pay, whether legal or equitable in nature;

  g. Granting an award of damages to be determined at trial to compensate Plaintiff and Rule 23 Plaintiffs for emotional distress and/or mental anguish, and damages for the harm caused to their professional and personal reputations, in connection with their claims;

  h. Granting an award of punitive damages, to the extent permitted by law,

  i. Granting Plaintiff and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

  j. Awarding pre-judgment and post-judgment interest, as provided by law; and

    k.    Granting Plaintiff and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
         March 8, 2022

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              910 Franklin Avenue, Suite 200
                              Garden City, New York 11530
                              Tel. (516) 248-5550
                              Fax. (516) 248-6027

             By:      */s/ Danielle Petretta*
                              DANIELLE PETRETTA (DP5566328)
                              ALEXANDER T. COLEMAN (AC 8151)
                              MICHAEL J. BORRELLI (MB 8533)